UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER CHARLES COTTO,

      Petitioner,

v.                                    Case No. 6:11-cv-21-Orl-36KRS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

      Respondents.

_____

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 7).  Petitioner was provided an opportunity to file a reply to the response but did not do so.

Petitioner alleges three claims for relief in his habeas petition: (1) the trial court erred by failing to instruct the jury on the lesser-included offense of burglary, (2) the trial court erred by denying his motion for judgment of acquittal, and (3) trial counsel rendered ineffective assistance by failing to depose the victim prior to trial.  For the following reasons, the petition is denied.

## I.      *Procedural History*

Petitioner was charged by information with burglary of a dwelling with an assault or battery (count one), burglary of a conveyance with an assault or battery (count two), assault (count three), battery (count four), and two counts of criminal mischief (counts five and six).  A jury trial was conducted.  The jury found Petitioner guilty as charged of counts one, three, five, and six, guilty of the lesser-included offense of trespass for count two, and not guilty of count four.   The trial court sentenced Petitioner to a five-year term of imprisonment for count one and to concurrent sixty-day terms of imprisonment for the remaining counts.  Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam*.

Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  The state court denied the motion.  Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam*.

Petitioner filed a state petition for writ of habeas corpus alleging ineffective assistance of appellate counsel.  The Fifth District Court of Appeal of Florida summarily denied the petition.

Petitioner filed a motion to correct an illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure.  The state court denied the motion.  Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam*.

## II.    *Legal Standards*

### A.    *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).  The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts.  Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."  *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.     Standard for Ineffective Assistance of Counsel

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1]  *Id*. at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id*. at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

---

[1]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court of the United States clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).  Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

III.   *Analysis*

A.   *Claim One*

Petitioner asserts that the trial court erred by failing to instruct the jury on the lesser-included offense of burglary with respect to the burglary of a dwelling with an assault or battery charge.  More specifically, Petitioner complains that the trial court should not have directed the jury to refer back to the jury instruction on burglary of a dwelling with an assault or battery for the burglary instruction.  Respondents contend that this claim is procedurally barred from review.

One procedural requirement set forth in the AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law.  28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-43 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  Specifically, the AEDPA provides, in pertinent part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)    the applicant has exhausted the remedies available in the courts of the State; or

    (B)    (i)    there is an absence of available State corrective process; or

            (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Thus, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), *holding modified by Martinez v. Ryan*, 132 S. Ct. 1309 (2012). In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. *Id.* at 735 n.1 (stating that if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*, 404 U.S. at 275-76) (internal quotation marks omitted). The Supreme Court of the United States has observed that "Congress surely meant that

6

exhaustion be serious and meaningful." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). Furthermore, the Court explained:

> [c]omity concerns dictate that the requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court. Just as the State must afford the petitioner a full and fair hearing on his federal claim, so must the petitioner afford the State a full and fair opportunity to address and resolve the claims on the merits.

*Id.*; *see also Henderson v. Campbell*, 353 F.3d 880, 898 n.25 (11th Cir. 2003) ("Both the legal theory and the facts on which the federal claim rests must be substantially the same for it to be the substantial equivalent of the properly exhausted claim.").

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892 (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, in which a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying

offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

In the instant case, the record establishes that Petitioner raised claim one in his Rule 3.850 motion.  The state court denied the claim because it should have been raised on direct appeal and was not cognizable in a Rule 3.850 motion.  (App. H.)  Therefore, claim one is procedurally barred from review by this Court, absent application of an exception to the procedural default bar, because it was found to be procedurally barred by the state court. *See, e.g., Lang v. Sec'y, Dep't. of Corr.*, No. 8:04-cv-2547-T-17EAJ, 2007 WL 1120333, *4 (M.D. Fla. Apr. 13, 2007) (holding that claim that trial court erred by failing to renew offer of counsel was procedurally barred because the petitioner did not raise claim on direct appeal).

Petitioner has failed to demonstrate either cause or prejudice to overcome the procedural default.  To the extent Petitioner has attempted to establish cause and prejudice for his failure to raise this claim on direct appeal by arguing appellate counsel was ineffective for failing to do so, Petitioner has failed to show either cause or prejudice.  The record establishes that the trial court instructed the jury on the lesser-included offense of burglary. (App. J at 137-39, 143-44,155-57.)  Moreover, trial counsel did not object to the jury instructions, and thus, any error was not preserved for appeal. *Id*.  Thus, appellate counsel was not deficient for failing to raise a non-meritorious issue, nor was Petitioner prejudiced by counsel's failure to do so.  Likewise, Petitioner has not demonstrated that he is actually

innocent. Accordingly, claim one is procedurally barred from review by this Court and would otherwise be denied because it is without merit.

**B.    *Claim Two***

Petitioner asserts that the trial court erred by denying his motion for judgment of acquittal on the burglary of a dwelling with an assault or battery charge. Petitioner argues that the evidence was not sufficient to support his conviction given the inconsistencies in the victim's testimony. Petitioner maintains that the victim allowed him to enter her home after calling 911.

Petitioner raised this claim on direct appeal. The Fifth District Court of Appeal affirmed *per curiam*.

The standard of review in a federal habeas corpus proceeding when the claim is one of sufficiency of the evidence was articulated in *Jackson v. Virginia,* 443 U.S. 307 (1979). In *Jackson*, the Court concluded that when considering a claim of insufficient evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319; *Johnson v. Alabama,* 256 F.3d 1156, 1172 (11th Cir. 2001). Federal courts may not reweigh the evidence. *Jackson*, 443 U.S. at 319. It is the duty of the trier of fact to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the facts. *Id.*

Section 810.02(1)(b)(1), Florida Statutes defines burglary as, "Entering a dwelling. . . with the intent to commit an offense therein, unless. . . the defendant is licensed or invited

to enter. . . ."  Assault is defined as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." Fla. Stat. § 784.011(1) (2007).

At trial, the victim testified that Petitioner, who did not live with her, became angry and began beating on her doors after she gave him some food.  The victim said she called 911, and shortly thereafter, Petitioner kicked in her front door, entered her home, threatened to kill her, and pinned her against the stove.  The victim testified that she was able to escape from Petitioner's grasp and fled outside.  The police observed the victim run from the house while Petitioner was chasing her.

Petitioner testified that he lived at the home but admitted that he kicked the front door after he became angry.  Petitioner maintained that the victim allowed him to enter the home after he kicked the door.

Viewing the evidence in the light most favorable to the State, the evidence was sufficient for the jury to conclude beyond a reasonable doubt that Petitioner entered the victim's home uninvited with the intent to commit an assault or battery.  Further, given the victim's testimony, the evidence was sufficient for the jury to conclude that Petitioner actually committed an assault or battery when he entered the victim's home.  Therefore, Petitioner has not demonstrated that the state court's denial of his motion for judgment of acquittal was contrary to, or an unreasonable application of, federal law.  Accordingly, claim two is denied pursuant to Section 2254(d).

### C.    *Claim Three*

Petitioner asserts that trial counsel rendered ineffective assistance by failing to depose the victim prior to trial.  In support of this claim, Petitioner maintains that counsel could have impeached the victim's credibility had she deposed the victim.

Petitioner raised this claim in his Rule 3.850 motion.  Applying *Strickland*, the state court denied relief.  (App. H.)  The state court reasoned that Petitioner failed to establish that the victim would have testified contrary to her trial testimony had she been deposed.  The state court further concluded that even assuming the victim could have been impeached, Petitioner had not demonstrated that the outcome of his trial would have been different.

Petitioner has not demonstrated that the state court's determination is contrary to, or an unreasonable application of, *Strickland*.  Petitioner affirmed at the close of trial that he was satisfied with counsel's performance.  At no time during the trial, did Petitioner, who heard the victim testify, voice any concern about counsel's purported failure to depose the victim prior to trial.  Moreover, Petitioner has not offered any evidence demonstrating that the victim would have provided inconsistent testimony had she been deposed.  Finally, even assuming the victim could have been impeached concerning ancillary matters, Petitioner has not demonstrated that a reasonable probability exists that the outcome of his trial would have been different.  Regardless of how long the victim had been living at her house or whether the victim saw Petitioner in the days prior to the offenses, she testified that Petitioner kicked in her front door, entered her home uninvited, and threatened to kill

her.  The victim called 911, and when the police arrived, they observed her fleeing her home while Petitioner was chasing her.   In sum, Petitioner has not shown either deficient performance or prejudice.  Accordingly, claim three is denied pursuant to Section 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.    *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).   To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009).  When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*; *Lamarca*, 568 F.3d at 934.   However, a  prisoner need not show that the appeal will succeed.  *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable.  Petitioner

12

has failed to make a substantial showing of the denial of a constitutional right.   Thus, the

Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Christopher

Michael Cotto is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.      Petitioner is **DENIED** a Certificate of Appealability.

3.      The Clerk of the Court is directed to enter judgment accordingly and close this

case.

**DONE AND ORDERED** in Orlando, Florida, this 11th day of February, 2013.

Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-1 2/11
Counsel of Record
Christopher Michael Cotto